IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| T. T., individually and as the parent and next friend of minor D.H.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBLOX CORPORATION,<br><br>Defendant. | 4:25-cv-00314-RGE-WPK<br><br><br>ORDER ON JOINT MOTION TO STAY ALL DEADLINES PENDING DECISION OF JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON MOTION TO TRANSFER |

Pursuant to Federal Rule of Civil Procedure 6, Plaintiff T.T., individually and as the parent and next friend of minor D.H., and Defendant Roblox jointly move to stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation (JPML). ECF 12.

On September 18, 2025, Plaintiff Jane Doe, plaintiff in *John Doe, as next friend of minor plaintiff, Jane Doe v. Roblox Corporation and Discord Inc.*, No. 25-cv-05753-JSC (N.D. Cal.), filed a motion with the JPML seeking to consolidate this action with thirty other federal actions currently pending, and requesting that the JPML transfer the centralized actions to the Northern District of California pursuant to 28 U.S.C. § 1407. *In re Roblox Child Sexual Exploitation/Assault Litigation*, MDL No. 3166 (J.P.M.L.), Dkt. No. 1; ECF 12 at 6-13. The JPML has ordered that responses to that Motion to Transfer shall be filed by October 14, 2025, and that replies shall be filed by October 21, 2025. *In re Roblox Child Sexual Exploitation/Assault Litigation,* MDL No. 3166 (J.P.M.L.), Dkt. No. 3.

The parties agree that for present purposes this action should be stayed pending the JPML's decision on transfer and that no party would be prejudiced by the issuance of a stay. "[T]he power

to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "has discretion to stay proceedings pending a decision by the [MDL] Panel regarding transfer." Charles A. Wright & Arthur R. Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 (3d ed.). Federal courts sitting in the U.S. Court of Appeals for the Eighth Circuit have stayed proceedings where, as here, the parties file the motion to stay jointly, the case is in its early stages, and a decision from the JPML on a motion to transfer is pending. *See, e.g.*, *Musticchi v. Wright Med. Tech., Inc.*, No. 4:19-cv-00607, 2020 WL 13111224 (E.D. Ark. July 2, 2020).

However, under JPML Rule of Procedure 2.1(d), the filing of a motion to transfer with the MDL Panel does not deprive the original court of jurisdiction while the motion is pending. MULTIDIST LIT Rule 2.1(d). "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Instead, the granting of a motion to stay pending a ruling on the transfer motion is a matter of the district court's discretion. *Id.* When considering a motion to stay, the court considers three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Id.*

Both because the parties have jointly agreed to the stay and because the litigation is in its early stages, the Court concludes there is no prejudice, hardship, or inequity here to either party if the action is stayed. Plaintiff filed the Petition on July 29, 2025, and responsive pleadings have yet to be filed by Roblox. ECF 1. Moreover, a stay pending the JPML's decision would avoid the

possibility of duplicative litigation and serve the interests of judicial economy and efficiency. Accordingly, the Court concludes the Joint Motion to Stay should be granted.

Pursuant to the Parties agreement, if the JPML determines the case should not be transferred under Section 1407, the Court order that within thirty days of the JPML's decision the parties shall file with the Court a briefing schedule for Roblox's response to the Petition. If the parties cannot agree on a briefing schedule, they may submit their own proposals to the Court within that same thirty-day time frame.

For the reasons set forth above, the Joint Motion to Stay All Deadlines Pending the Decision of the Juidicial Panel on Multidistrict Litigation on Motion to Transfer is **GRANTED.**

IT IS SO ORDERED.

Dated October 9, 2025.

_____
William P. Kelly
U.S. Magistrate Judge